UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAQUAN M. LECKIE,

                Plaintiff,

-against-

WARDEN DUNBAR,

                Defendant.

1:18-CV-11161 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Great Meadow Correctional Facility, brings this action *pro se*.[1] Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). But on December 17, 2018, after Plaintiff submitted his complaint for this action, Judge Stanton of this Court, in another of Plaintiff's actions, recognized that Plaintiff is barred from filing federal civil actions IFP while he is a prisoner. (*See Leckie v. Williams*, ECF 1:18-CV-10832, 6.) Judge Stanton relied on 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action or appeal [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g)'s filing bar takes effect when the third applicable dismissal, or "strike," is issued. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015) (Section 1915(g) filing bar effective upon dismissal of third strike, even if that strike is the subject of a pending appeal). Plaintiff earned his third strike before he submitted his complaint for this action. (*See Leckie*,

---

[1] On or about November 6, 2018, Plaintiff submitted the complaint commencing this action while he was held in the Manhattan Detention Complex ("MDC").

ECF 1:18-CV-10832, 4, pp. 1-2) (noting that Plaintiff earned strikes on Dec. 18, 2017, Mar. 6, 2018, and Sept. 5, 2018). Thus, the § 1915(g) filing bar took effect against Plaintiff before he filed his complaint for this action.

Plaintiff has filed this federal civil action seeking IFP status, but his complaint does not show that he is under imminent danger of serious physical injury.[2] Instead, Plaintiff alleges that the defendant, MDC Warden Dunbar, illegally detained Plaintiff at the MDC. Plaintiff seeks damages for Dunbar's actions. Accordingly, because the § 1915(g) filing bar against Plaintiff took effect before Plaintiff submitted his complaint to this Court, the Court denies Plaintiff's IFP application and dismisses this action without prejudice.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice because Plaintiff is barred under 28 U.S.C. § 1915(g).[3] He therefore remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4]

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, a federal district court will review the complaint under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 13, 2019
       New York, New York

                                              COLLEEN McMAHON
                                              Chief United States District Judge